UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DELANO,

                Petitioner,         Civ. No.  02-70286
                                              Crim. No. 99-80450
vs.                                                Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, WITH SUPPLEMENTATION

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on _____May 4, 2005_____

                PRESENT:  Honorable Gerald E. Rosen
                                       United States District Judge

      This matter is before the Court on the January 13, 2005 Report and Recommendation of United States Magistrate Judge Wallace Capel, Jr., recommending that the Court deny Petitioner Delano's request for a Certificate of Appealability to appeal the Court's decision denying his § 2255 Motion to Vacate, Set Aside or Correct Sentence. No timely Objections to the Magistrate Judge's Report and Recommendation have been filed.

      Delano asks that the Court issue a Certificate of Appealability in light of the United States Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), in which the Supreme Court held that a state court's sentencing of a defendant to more than three years

above the 53-month statutory maximum of the standard range for the crime to which he pled guilty violated the defendant's Sixth Amendment right to a trial by jury where the facts supporting the upward departure were neither admitted by the defendant nor found by the jury. The Supreme Court's intervening decision in *United States v. Booker*, 125 S.Ct. 738 (2005) now governs Petitioner Delano's *Blakely* claim. *See Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005).

Petitioner Delano pled guilty to five charges of bank robbery pursuant to a Rule 11 Plea Agreement and was convicted and sentenced on March 21, 2000 to 125 months imprisonment. Delano subsequently appealed, and on November 7, 2000, the Sixth Circuit affirmed this Court's disposition of the matter. *See United States v. Delano*, 238 F.3d 424 (Table), 2000 WL 1720618 (6th Cir. 2000). On March 28, 2001, Delano then filed a § 2255 Motion to Vacate, Set Aside or Correct his Sentence. The Court entered an Order adopting the Magistrate Judge's Report and Recommendation and dismissed Delano's § 2255 Motion on October 21, 2004.

As indicated, Delano subsequently requested that the Court issue a Certificate of Appealablity to appeal the dismissal of his § 2255 action in light of the United States Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Magistrate Judge Capel recommends that the Court deny Delano's request because in his Rule 11 Plea Agreement, Delano explicitly agreed "not to appeal or otherwise challenge the constitutionality or legality of the federal sentencing guidelines." A defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement. *See*

*United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Magistrate Judge in this case determined that the Supreme Court's rulings in *Blakely* and *Booker* -- upon which Delano's request for relief is predicated -- would have no effect on this case because Delano waived his rights to challenge the constitutionality or legality of the federal sentencing guidelines by means of his plea agreement. Accordingly, he recommended that Petitioner's request for a certificate of appealability be denied. The Court agrees with, and adopts, the Magistrate Judge's recommendation.

The Court further finds that Petitioner's request should be denied because the Sixth Circuit has conclusively determined that *Booker* does not apply retroactively to cases already final on direct review. *See Humphress v. United States*, *supra*. *See also Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (same); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (same).

The conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final for purposes of 28 U.S.C. § 2255 "upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Because Petitioner Delano did not file a petition for certiorari, his conviction became final in February 2001, i.e., 90 days after the Sixth Circuit denied his direct appeal. *See United States v. Delano*, 238 F.3d 424 (Table), 2000 WL 1720618 (6th Cir. 2000). This was more than four years before *Booker* was decided. Accordingly, Delano cannot rely on *Booker*/*Blakely* as the basis for a certificate of appealability.

For all of the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of January 13, 2005, as supplemented herein, is adopted by this Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, and for the further reasons set forth above in this Opinion and Order, Petitioner's request for a certificate of appealability is DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: May 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager